# Matthews v. Lilley Coal & Coke Company, Appellant.

*Master and servant—Principal and agent—Merchandise broker— Commission on purchases—Evidence—Cross-examination.*

In an action to recover commissions on articles purchased by plaintiff for defendant, which commissions were claimed upon a special contract, it is not reversible error to exclude a question propounded to the plaintiff on cross-examination which sought to elicit that at the time the purchases were made, the plaintiff had no license as a merchandise broker. Such a question violates the rule that matters of defense cannot be brought out upon cross-examination.

In such a case it is not error for the court to exclude a letter written by plaintiff to defendant tending to show that he held himself out as a merchandise broker, where it appears that such letter was dated several months after the alleged special contract.

Argued April 17, 1916.  Appeal, No. 17, April T., 1916, by defendant, from judgment of C. P. Washington Co., May T., 1914, No. 295, on verdict for plaintiff in case of H. H. Matthews v. Lilley Coal & Coke Co.  Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Assumpsit for commissions.  Before MCILVAINE, P. J.

At the trial it appeared that plaintiff claimed to recover under a special contract, commissions on purchases made by him for the defendant, of steel rails, frogs and switches.

When plaintiff was under cross-examination he was asked this question:

"Q.—Mr. Matthews, did you take out a license as a merchandise broker in the year 1913?

"By Mr. Williams: This is objected to, if the court please, because it is not necessary.

"By the Court: Objection sustained.  I do not see how that would affect a contract specially made.  He does not have to have a license.

"By Mr. Crumrine: If the court please, we submit there has not been any special contract shown.

"By the Court: That is a question for the jury.  If there has not been, he cannot recover; he can not recover at all except on a certain contract made through his brother acting for the company.  Unless he can recover on this special contract, he cannot recover."  (1)

The special contract was alleged to have been made in November, 1913.  In defendant's case in chief an offer of a letter dated February 8, 1914, was refused.  (2) The letter was in part as follows:

"While in Uniontown I arranged with a coal and coke company to purchase for them, and this arrangement was made between one of the proprietors and myself.  This man had been doing the purchasing since their organization, and had had enough experience to realize what a benefit to the company my experience and training would

be, and gave me his order for three car loads of rails. I am making connections with various factories and am assembling prices on all mine supplies. I am now in possession of the lowest factory prices on a full line of the following:

"Steel wheelbarrows, coal and coke forks, manilla rope, pumps, bolts and nuts, and hickory handles......."

This was offered for the purpose of showing an admission by the plaintiff that he was acting as and holding himself out to be a merchandise broker.

Verdict and judgment for plaintiff for $82.05. Defendant appealed.

*Errors assigned,* among others, was (1, 2) ruling on evidence quoting the bill of exceptions.

*J. Boyd Crumrine,* with him *Guy Moffitt* and *C. L. V. Acheson,* for appellant.—We submit that no case goes to the length of saying where one is holding himself out as a broker, he may avoid the necessity of taking out a license by the making of a special contract with each person with whom he is doing business: Johnson v. Hulings, 103 Pa. 498; Holt v. Green, 73 Pa. 198; Yedinskey v. Strouse, 6 Pa. Superior Ct. 587; Raeder v. Butler, 19 Pa. Superior Ct. 604.

*Harry L. Williams,* with him *W. A. H. McIlvaine* and *John R. McCreight,* for appellee.—Where a person, not a broker, enters into a special contract, either express or implied, either to buy or sell something for another, he becomes entitled, on the performance of his contract, to his compensation fixed by the contract, or the value of the services rendered, regardless of the fact that he has no broker's license, and we mention the following cases: Chadwick v. Collins, 26 Pa. 138; Black v. Snook, 204 Pa. 119; Woods v. Heron, 229 Pa. 625.

OPINION BY TREXLER, J., July 18, 1916:

The verdict of the jury settled the fact that the plaintiff was employed by the defendant to purchase certain articles for it and that he was entitled to the compensation which he claimed for the services performed. There was sufficient evidence to sustain the finding.

The only matter left for our consideration is whether the court erred in excluding certain testimony. The plaintiff was on the stand and had testified in detail as to how he was engaged to buy the articles for the defendant. There was nothing in his testimony to show that he was in business as a merchandise broker. He testified that he had severed his connection with the purchasing business prior to that time and was employed in a whiffletree factory. The defendant then asked him upon crossexamination as to whether he had procured a license for the year of 1913 as a merchandise broker. The court sustained the objection to it and excluded the evidence for the reason that the plaintiff was claiming upon a special contract and that there was no evidence that the plaintiff was holding himself out as a broker. As far as the case had developed there was no error in excluding this testimony. If the defendant wished to show that the plaintiff was a merchandise broker that was a matter of defense. There is considerable latitude allowed in the control of cross-examination and unless an abuse of discretion is shown we will not reverse. If the defendant upon the presentation of its side of the case desired to go into this matter, it had the opportunity to show that at the time of the transaction the plaintiff was in business as a purchasing agent and could have followed with proof that he had no license. As stated before, the offer upon cross-examination to show that plaintiff had no license was not made at the proper time and the court although it might have allowed the question did not commit reversible error in rejecting it. As was stated in Field v. Schuster, 26 Pa. Superior Ct. 82 (92), "The evident purpose of the offer was to introduce the defendant's case in

advance by a cross-examination of the plaintiff. The evidence presented by the plaintiff at that stage of the case did not authorize the introduction of the evidence contained in the offer. The fact that an additional reason for this objection was given by the court is not ground for reversal."

It is also urged that the court erred in sustaining the objection by the plaintiff to a letter written by plaintiff to defendant by which letter defendant sought to show that plaintiff was holding himself out as a merchandise broker and was conducting business as such but the objection made to this letter was that it was dated February 8, 1914, being some time after the alleged special contract, under which the plaintiff's claim was made, that being November, 1913. This objection was well taken. If the defendant had offered to connect this with other facts which would bring the proof to the point of time at which the contract was made, the matter would have presented a different aspect.

There is no testimony before us showing that the plaintiff was in the business of purchasing agent at the time the special contract, upon which he recovered, was made. As we have decided that the court committed no error in excluding the testimony above referred to, the verdict must stand.

The assignments of error are overruled. Judgment affirmed.